IN THE CIRCUIT COURT OF HINDS COUNTY
FIRST JUDICIAL DISTRCT
JACKSON, MISSISSIPPI

LATONIA LIGHTER                                                    **PLAINTIFF**

V.                                                    CAUSE NO: *18-621*

MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES D/B/A
OAKLEY TRAINING SCHOOL
AND JOHN AND JANE DOES 1-5                                         **DEFENDANT**

<u>COMPLAINT</u>
(A JURY TRIAL IS DEMANDED)

COMES NOW Plaintiff, LATONIA LIGHTER, (also referred to as Plaintiff) and brings this action against the captioned Defendant(s). "Defendant" shall also refer to all Defendants, individually, separately, and collectively, as well as any Defendants to be named (to the extent Plaintiff agrees to proceed against them). As more specifically set forth below, Plaintiff has been subjected to sex based discrimination, sexual harassment, and retaliation. The actions of the Defendant described herein constitute violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 *et seq*. as amended, (hereafter also referred to as "Title VII"). This is to allege Plaintiff is entitled to all recoverable costs, amounts, damages provided for and within Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000 *et seq*. as amended.

In support of her Complaint and causes of action set as forth therein, Plaintiff respectfully sets forth as follows:

**EXHIBIT**

1

1

## JURISDICTION AND VENUE

1.      At all relevant times hereto Defendant DHS has been an Employer engaged in an industry affecting commerce within the meaning of Section 701(b), through (h) of Title VII, 42 U.S.C. §2000e(b) through (h) (and any related subsections), and other relevant sections of law. In the alternative and in addition, Defendants otherwise fall under the jurisdiction of (and is subject to) laws noted in this Complaint. **Plaintiff specifically claims she is entitled to recover all such available damages recoverable under all law referred to in this Complaint, all of which are sought pursuant to this Complaint whether or not specifically noted below.**

2.      This Honorable Court has jurisdiction of this matter and venue is proper under Mississippi Code Ann. § 11-11-3 because substantial acts and omissions giving rise to liability occurred in the above judicial district. Further this Honorable Court has jurisdiction of this matter pursuant to Mississippi Code of 1972 § 9-7-81 (and/or otherwise has jurisdiction) and all amount in controversy requirements that have been met. Plaintiff prays for relief at an amount to be determined at trial by jury, in excess of the minimum jurisdictional amounts of this Court. Jurisdiction and Venue are otherwise proper.

3.      All claims, sentences, statements, causes of action, paragraphs and theories of recovery are alleged in the alternative to each other, and also in addition to each other. All matters are set forth while reserving the chance to provide additional or explaining details.

4.      Plaintiff has satisfied administrative conditions prior to the commencement of this action, by filing her Charge of Discrimination with the Equal Employment Opportunity Commission on or about June 4, 2017. Plaintiff was issued a Right to Sue letter dated July 31, 2018 and received thereafter attached hereto as *Exhibit "A"*.

2

5.    **For the purposes of this Complaint, the civil rights violations, federal law violations, and wrongful employment practices perpetuated by Defendants (including but not limited to sex discrimination, sexual harassment, representations, breaches of contract, retaliation and all conduct, facts, occurrences, acts or omissions providing any basis for legal action) shall hereafter be referred to as "actionable conduct".**

## PARTIES

6.    Plaintiff, Latonia Lighter, is a resident of Jackson, Mississippi residing and domiciled during the time of the acts and omissions at 386 Raymond Road, Apt. 8H, Jackson, Mississippi 39204.

7.    Defendant Mississippi Department of Human Services d/b/a Oakley Training School (also referred to in this Complaint as "DHS" or "Defendant DHS") is a state entity. Defendant, Mississippi Department of Human Services, may be served with process by and through Attorney General Jim Hood, Office of the Attorney General State of Mississippi, Walter Sillers Building, 555 High Street, Suite 1200, Jackson, MS 39201 or wherever else Defendant DHS may be found (and through whatever agent and location Defendants may be served by). Plaintiff reserves the right to amend this Complaint to assure proper parties are before the Court, (and the proper registered agent is served and that the proper places of business are noted). This shall also serve as Plaintiff's motion to substitute parties, places of business, and registered agents, and to assure proper parties and party names are before the Court (when considering Plaintiff is moving forward with this action given time concerns, although is not readily determined from public information exactly how Defendants organized in-state operations).

8.    John and Jane Does are meant to refer to the proper party names, persons, or entities who may be otherwise responsible for the actionable conduct.

## FACTS

9.     Plaintiff was hired by Defendant DHS on or about December 1, 2016. She worked as a Juvenile Care Worker.

10.    She worked with a male co-worker, Edward Fisher, also a Juvenile Care Worker, under the same and/or supervisory structure and reasonably believed to be subject to certain similar work requirements.

11.    In early to mid-January 2017, Plaintiff began being subject to both subjectively and objectively sexually harassing conduct by the male co-worker, constituting a hostile work environment.

12.    The sex-based harassment was severe or pervasive when considering all factors as a whole regarding the co-worker's actions, their physically threatening and/or highly offensive content, his communications, his actions, their nature, and the circumstances in which they occurred.

13.    The type of harassment varied depending on the occasions on which it occurred, and the locations in which it occurred. Plaintiff reasonably feared for her safety and well-being when considering the harassment as a whole. To provide some examples of the harassment, while reserving the right to provide others in discovery, the male co-worker would come to Plaintiff's station, and come in close proximity to her in a threatening and sexually harassing manner at various locations associated with the employment. On a frequent basis, he would wait in areas where Plaintiff would come in a sexually harassing and threatening manner. In the alternative and in addition, he would make comments to her on a regular ongoing basis such as asking Plaintiff to go on a date, calling her "sexy" and telling Plaintiff that he missed her. He stated that he wished she could be his lady. He expressed discriminatory intent based on sex.

4

14.     Plaintiff had concerns regarding the frequent, threatening nature of the sexual harassment and suffered significant emotional distress as a result, and because it was not adequately addressed as more fully stated below. Plaintiff in fact reported her ongoing stress as a result of the sexual harassment and retaliation referred to in this Complaint. Plaintiff suffered and continued to suffer symptoms to her mental and emotional well-being as a result of experiencing the sexual harassment, and coming in close proximity to the harasser.

15.     <u>Whenever used herein or in any State or Federal Proceeding arising out of the events at issue, the term "complaining" or "complaint(s)" with reference to Plaintiff shall refer to Plaintiff's complaints to those associated with her job and/or shall ALSO refer to her complaining by making a charge for sex discrimination with EEOC against Defendant.</u> Plaintiff first complained to Mr. Lowe, supervisor over direct care workers.   Plaintiff reasonably understood that complaining to him would provide Defendant an opportunity to adequately and promptly, address and correct the conduct.

16.     Plaintiff reasonably understood from Defendant's representations that Defendant should have provided an environment free from actionable conduct such as the sexual harassment and retaliation referred to in this Complaint, and that Defendant would adequately investigate and address complaints of the same. At relevant times, the Defendant in fact represented that it intended to investigate, and/or address her complaints. Plaintiff reasonably and justifiably relied upon Defendant to do so. When all communications are considered as a whole, Defendant in fact represented to Plaintiff that she should not have been subject to any actionable conduct such as the kind which occurred. Plaintiff's understanding referred to in this paragraph existed at the time she agreed to work for Defendant, and continued to work for Defendant. Plaintiff and Defendant also moved forward in the employment arrangement based on the reasonable and justifiable

understanding that Plaintiff would not be subject to the actionable conduct, which she was ultimately subject to.

17.     Mr. Lowe represented that the complaints would be conveyed to Brad Davis. Plaintiff met with Brad Davis and Mr. Lowe wherein Plaintiff conveyed that she was sexually harassed in the manner referred to above. She provided information necessary for Defendant to be on notice of the sexually harassing conduct so as to promptly and adequately address and correct it.

18.     Plaintiff realized that the sexual harassment and retaliatory conduct was not being adequately addressed and corrected. Plaintiff in fact complained during her employment (and provided information regarding) the sexual harassment and/or retaliation on multiple occasions to various persons, in addition to her complaints to EEOC. The persons Plaintiff complained to about the sexually harassing and/or retaliatory conduct included but were not limited to Supervisor Mr. Lowe, Brad Davis, MDHS Investigator. Others are reasonably believed to have knowledge of her complaints as well.

19.     In the alternative and in addition, Plaintiff was subject to differential terms and conditions of employment not only as a result of the actionable conduct she suffered (which continued to escalate even following her complaints as referred to below), but also because she was treated differently than the harasser with regard to the times she was allowed to work among potentially other differences in treatment. When Plaintiff first started training, she was informed that she was permitted to receive overtime. Once she complained about sexual harassment, she was told she needed to clock out at the very end of her shift. In the alternative and in addition, the harasser was allowed to work multiple shifts under circumstances wherein Plaintiff was not. These differences in treatment occurred as a result of the escalating hostile work environment and in retaliation for Plaintiff's complaints. Plaintiff was otherwise treated differently than the harasser even though both worked under the same supervisory structure and should have been subject to the

6

same job requirements.  Further, Plaintiff was also treated differently because the harasser's account of the alleged events was given preference, even though Plaintiff continued to complain.

20.    In the alternative and in addition, Plaintiff made an EEOC charge of sexual harassment on or about June 5, 2017 within the time provided by law. She was subject to an increasingly hostile work environment and/or a retaliatory work environment as described in the Charge attached in *Exhibit "A"* and incorporated as though set forth, as well subject to actionable conduct after the Charge.

21.    Plaintiff reserves the right to provide further information regarding her communications with Defendant or its personnel during this litigation.

22.    The actionable conduct continued in various forms after Plaintiff's complaints as part of adverse actions against her.  The adverse action was of the kind and character that would discourage a reasonable worker from complaining.

23.    After Plaintiff's complaining she was required to work in conditions wherein the harasser, had opportunity and access to come around her, placing her in increasing reasonable apprehension for her safety and well-being, and causing her losses as more fully described below. Defendant knew of and/or should have known of the same.

24.    In the alternative and in addition, Plaintiff was subject to an increasingly hostile work environment by Defendant following her complaints, and as a result.

25.    Defendant's actionable conduct resulted in Plaintiff being subjected to the threatening, damaging, and significantly distressing environment Defendant created as a result of not taking adequate actions against the harasser, nor to adequately and promptly addressing the work environment.

26.    Plaintiff reasonably feared for her safety and well-being following her complaints, particularly because Defendant continued to retain the harasser under the circumstances wherein he

could come in proximity to her when considering his actions and Defendant's knowledge of those actions.

27. The escalation of the conduct occurred as part of the hostile work environment, and was also retaliatory.

28. Notwithstanding Plaintiff's complaints, and Defendant's assurances that the conduct would be addressed, it was not adequately addressed.

29. The work environment became intolerable such that Plaintiff, a reasonable person, was compelled to resign or further be subject to the environment which was hostile and/or retaliatory and/or sexually harassing. Plaintiff was constructively discharged in July 2017.

30. Should Defendant claim Plaintiff failed to take advantage of or avail herself of corrective opportunities (which Plaintiff denies based on what she reasonably understood to be available opportunities), Plaintiff was not unreasonable when considering all circumstances as a whole. (Plaintiff reserves the right to deny she failed to adequately take advantage of or avail herself of corrective opportunities when all circumstances are considered as a whole). Plaintiff acted reasonably in reliance on Defendant when considering all facts and complained on multiple occasions.

31. In the alternative to the above and in addition to the other allegations, Defendant did not communicate adequate policies, procedures and/or practices adequately and sufficiently. In the alternative and in addition, Defendant did not carry out adequate policies, procedures, and/or practices sufficiently and adequately. In the alternative and in addition, Defendant's policies, procedures, and/or practices were not adequate when considering all factors. In the alternative and in addition, Defendant offered one or more complaint procedures that were ineffective, and legally infirm.

8

32.     In the alternative and in addition to the allegations in the prior paragraph, the hostile and/or retaliatory work environment essentially allowed one or more inadequate avenues to complain.

33.     Plaintiff acted reasonably when considering all facts and how she complained and attempted to have the environment addressed.

34.     Defendant's conduct directly and proximately resulted in all losses referred to herein. It was reasonably foreseeable Plaintiff would suffer the losses she did as a result of actionable conduct which affected her.

## CAUSES OF ACTION

### COUNT I
### CLAIMS UNDER SECTION 703 OF TITLE VII AS AMENDED, BASED ON SEX DISCRIMINATION IN THE FORM OF HOSTILE WORK ENVIORNMENT DURING EMPLOYMENT AND SEPARATELY RESULTING IN CONSTRUCTIVE DISCHARGE

35.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

36.     Defendants are alleged to have violated 42 U.S.C. § 2000e-2 *et seq.* as amended.  This action therefore arises under Title VII of the Civil Rights Act of 1964 as amended including but not limited to the Civil Rights Act of 1991, 42 § U.S.C. 1981a.

37.     Defendant subjected Plaintiff to a hostile work environment, severe or pervasive sexual harassment, for which Defendant is legally responsible, and which Defendant failed to promptly and adequately correct or address.

38.     Plaintiff was treated adversely as a result of sexual harassment in the environment substantially affecting her and the work environment, resulting in Plaintiff's constructive discharge.

39.     Defendant is vicariously liable for hostile work environment created by one or more employees prior to Plaintiff's constructive discharge.  Defendant is vicariously liable for harassment which Defendant failed to adequately promptly address and correct, even though Defendant knew of or should have known of it prior to Plaintiff's constructive discharge.

40.     In the alternative and in addition, Defendant is liable for hostile work environment resulting in Plaintiff's constructive discharge when considering the environment became so intolerable that a reasonable person would feel compelled to resign and such that Plaintiff was compelled to resign or be further subject to the increasing actionable conduct.  Although Plaintiff claims she meets the requirements of claims for hostile work environment (as well as discrimination and retaliation) prior to constructive discharge as stated in this Count, Plaintiff maintains separate claims for hostile work environment sexual harassment resulting in constructive discharge regardless.

41.     Plaintiff makes separate claims for each act of sexual harassment perpetuated upon her.  Plaintiff makes separate claims under the above laws for each act of sexual harassment referred to in this Complaint, and which may be illustrated in discovery.

42.     As a direct and proximate result of Defendants' conduct toward Plaintiff described above in this Count, Plaintiff has sustained losses as more fully described below. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated here. Plaintiff's losses and damages are meant to include but not be limited to her constructive discharge and those that resulted therefrom.

43.     In the alternative and in addition, the unlawful actions of the Defendant in reckless disregard of the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendants' actions were wanton, and/or willful.

44.     Plaintiff incorporates the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

## COUNT II
## CLAIMS BASED ON ACTS OF RETALIATION UNDER TITLE VII AS AMENDED, DURING EMPLOYMENT AND SEPARATELY RESULTING IN CONSTRUCTIVE DISCHARGE

45.     Plaintiff re-alleges and incorporates all averments set forth above and below as if fully incorporated here. The claims in this Count are alleged in the alternative and in addition to the claims in the other Counts. Plaintiff was treated adversely with regard to the terms and conditions of Employment when she was retaliated against by Defendants due to complaining about conduct believed to be sexually harassing (opposing it) and following her complaints. She was separately retaliated against for making a Charge. Plaintiff was retaliated against before she was constructively discharged by adverse employment actions against her. Although Plaintiff claims she meets the requirements of claims for retaliation resulting in constructive discharge as stated in the other Counts, Plaintiff maintains claims for retaliation during the employment regardless.

46.     The adverse employment actions against Plaintiff prior to constructive discharge included, but were not limited to, the allowance of, and perpetuation of, an increasingly hostile work environment in retaliation for Plaintiff's complaints. They also included but were not limited to, Defendants' open failures to afford her the benefit of the corrective opportunities and procedures, which Defendants represented they had in place and which should have provided adequate investigation of, addressing, and correcting the conduct. Defendant also treated Plaintiff differently than one or more proper comparators. She maintains that these differences in treatment, when also considering Defendants overall actionable conduct as a whole evidences retaliation.

47.     Defendants retaliated against Plaintiff by their open clear failure to adequately investigate, address and correct a hostile work environment and discriminatory environment following the time Defendant knew of and should have known of it, and by subjecting Plaintiff to

11

further actionable conduct. Plaintiff further alleges that she was treated differently than one or more similarly situated employees who did not oppose harassing conduct in support of her claims for retaliation and in the alternative and in addition, that she was retaliated against regardless of Defendants' treatment of others.

48.     Defendants are alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) *et seq.*, as amended including but not limited to the Civil Rights Act of 1991, 42 U.S.C. §1991a providing for certain rights and recoverable damages.     In the alternative and in addition, Plaintiff had the right to be free from retaliatory practices in her employment arrangement and/or agreement and/or relationship with Defendants.

49.     Plaintiff makes separate claims under Title VII as amended for each act of retaliation referred to in this Count, this Complaint, and which may be illustrated in discovery. Plaintiff incorporates the facts, allegations and other Counts illustrating the actionable conduct supporting the claims in this Count.

50.     As a direct and proximate result of Defendants' unlawful, conduct toward Plaintiff, has suffered losses and damages as more fully described in all other parts of the Complaint incorporated here.

51.     Defendants' acts and omissions were in reckless disregard of the statutory rights of Plaintiff. She reserves the right to claim they were legally wanton and/or willful under legal arguments related to facts which Plaintiff may set forth in this action. Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to her constructive discharge and those that resulted therefrom.

## COUNT III
### CLAIMS UNDER SECTION 703 OF TITLE VII AS AMENDED, BASED ON SEX DISCRIMINATION (DISPARATE TREATMENT) DURING EMPLOYMENT AND SEPARATELY RESULTING IN CONSTRUCTIVE DISCHARGE

52.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.  Plaintiff maintains the discrimination claims in this Count regardless of whether she is ultimately found to meet the requirements of a hostile work environment claim which she alleges she does meet.

53.     Defendants are alleged to have violated Section 703 of Title VII, 42 U.S.C. § 2000e-2 *et seq.* as amended, as well as 42 U.S.C. § 1981a, providing for certain rights and recoverable damages, in ways outlined in this Complaint.  In the alternative and in addition, Plaintiff had the right to be free from sex discrimination in the employment.

54.     Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate and/or discriminatory mistreatment in various ways as referred to above and below.

55.     Plaintiff was discriminated against with regard to the terms, and/or conditions, and/or privileges of employment when considering differences in treatment between herself and one or more similarly situated male comparators including, but potentially not limited to, the harasser.  Plaintiff makes separate claims for each act of differential treatment.

56.     In the alternative and in addition to the separate claims referred to above, Plaintiff claims that Defendants otherwise subject her to discriminatory mistreatment, in a manner in which they did not subject one or more males, and/or which was otherwise based on her sex generally.  Plaintiff was subject to discriminatory differences in treatment when one or more similarly situated

male workers were not subject to the treatment.   The discriminatory mistreatment referred to in this Complaint ultimately resulted in Plaintiff's constructive discharge, though disparate treatment occurred prior as well.

57.    In the alternative and in addition, Plaintiff reserves the right to argue that she was replaced in whole or in part by someone outside her protected class under discriminatory circumstances depending on further discovery.

58.    In the alternative and in addition to the separate claims referred to above, Plaintiff was required to work in an environment where concerns of discrimination were not adequately investigated, addressed, or corrected.  She was denied the privilege of employment of seeing her concerns of discrimination adequately investigated or addressed, which she should have been able to reasonably expect when considering Defendant's treatment of her when compared to the harasser and/or all other factors.  Defendants failed to adequately, investigate, or address Plaintiff's complaints of the discriminatory environment.  Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.

59.    As a direct and proximate result of Defendants' conduct toward Plaintiff described above in this Count, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein. Plaintiff's losses and damages are meant to include but not be limited to her constructive discharge and those that resulted therefrom.

60.    In the alternative and in addition, the unlawful actions of the Defendant in reckless disregard of the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendants' actions were wanton, and/or willful.

61. Plaintiff incorporates the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

**COUNT IV**
**BREACHES OF CONTRACT (EXPRESSED AND/OR IMPLIED TERMS)**
**UNDER MISSISSIPPI LAW**

62. Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

63. Plaintiff offered and/or promised to work for Defendant in return for Defendant's agreement to pay. There was mutual consideration in the form of these mutually exchanged promises. Plaintiff reasonably, and should have reasonably, understood at the time of the agreement that Plaintiff would not be subject to the conduct referred to above which was discriminatory, harassing and sexually harassing. Plaintiff's understanding was in part due to a reasonable understanding of what she should expect in a reasonable work environment. There was an offer and acceptance, mutual assent to terms and conditions referred to in this Count, and consideration. There was a binding contract. Plaintiff reasonably maintained this understanding throughout the time she worked.

64. In the alternative and in addition, Defendant represented that it did not tolerate conduct such as the kind which actually occurred. Defendant also represented that it would address the conduct following Plaintiff's first complaints. Defendant did not adequately address the conduct, and Defendant instead allowed conduct which Plaintiff reasonably understood should not have been allowed within the work environment.

65. The contract between Plaintiff and Defendant not only contained expressed terms through Defendant's own policies indicating that Defendant would not accept (and would promptly

15

address actionable conduct) such as the kind which occurred, but it also contained an implied covenant of good faith and fair dealing, wherein Plaintiff should not have reasonably been expected to be subject to conduct such as the kind which occurred. That is, the terms of Defendant's policies and representations were reasonably relied upon by Plaintiff as being part of Defendant's contractual obligations, and Defendant did not adhere to them. Defendant breached the implied covenant of good faith and fair dealing as well.

66.     In the alternative and in addition, Defendant did not adhere to the expressed and/or implied terms of its agreement with Plaintiff when subjecting her to retaliatory actionable conduct following her complaints of the actionable conduct.

67.     As a direct and proximate result of the breaches referred to above, Plaintiff suffered and will suffer damages as more fully described below.

## COUNT V
## CLAIMS FOR PROMISSORY ESTOPPEL AND DETREMENTAL RELIANCE UNDER MISSISSIPPI LAW

68.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

69.     In the alternative and in addition to Plaintiff's breach of contract claims, Plaintiff maintains claims for all legal and/or equitable relief based on detrimental reliance and promissory estoppel.

70.     Plaintiff acted in reasonable and justifiable reliance upon Defendant's representations and assurances that Plaintiff would not be subject to actionable conduct, or continuing actionable conduct following her complaints.

71. Regardless of whether there is determined to be any enforceable contract, Plaintiff moved forward and continued to move forward in reasonable and justifiable reliance upon Defendant. This was ultimately to Plaintiff's detriment, when considering the actionable conduct continued following the times Defendant knew of and/or should have known of the conduct, following the times Defendant knew of and/or should have known of Plaintiff's complaints, and following the times Defendant knew of and/or should have known that it was retaliating against Plaintiff by subjecting her to an increasingly hostile work environment (and otherwise subjecting her to retaliation).

72. As a direct and proximate result of Plaintiff's reasonable and justifiable reliance, Plaintiff suffered damages more fully described below. Defendant should be estopped in law and/or equity from denying the existence of obligations to Plaintiff that were relied upon to her detriment. Defendant should be estopped in law and/or equity from denying the existence of an obligation to provide Plaintiff compensation as a result of Plaintiff changing her position in reasonably justifiable reliance upon Defendant's promises, and incurring losses in reliance upon Defendant to her detriment.

## DAMAGES INCLUDING, BUT NOT LIMITED TO, PUNITIVE DAMAGES

73. Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein. Plaintiff suffered losses and damages as set forth below and incorporated herein as a result of Defendants actions, inactions, breaches, and as a result of Plaintiff's detrimental reliance. Plaintiff preserves a claim for punitive damages for conduct which was willful and/or wanton and/or in reckless disregard for her civil rights as well as in reckless disregard for the above law (as she alleges the conduct was). Defendants acted in reckless disregard for Plaintiff's civil rights and for the law in their actionable conduct giving rise to the above claims. In the alternative and in addition, Defendants' actions against Plaintiff were of the kind and

17

character so as to support all damages referred to in this Complaint including but not limited to punitive damages.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial on each separate claim(s) in each separate Count. Upon trial by jury thereon, Plaintiff prays that the following relief be granted separately for each Count, claim, or cause of action against each proper Defendant separately, individually and together.

1. Front pay/lost wages as well as back pay/lost wages to the fullest extent recoverable, value of employment benefits of any kind (including but not limited to lost value of any insurance or anything of value Plaintiff received during employment or would have received during or following employment if not for the conduct alleged), lost value of incidentals and other pecuniary losses proximately caused by Defendant's unlawful conduct, as well as all other fair compensation for the acts and omissions referred to;

2. Damages against Defendants in an amount to be determined by the jury for damages described above and herein and above the minimum jurisdictional amount. Those damages include but are not limited to (recovery for the following categories of damages are sought in the alternative and in addition to each other): compensation for past, present, and future emotional distress or non-economic losses; past, present, and future out of pocket costs and attorney fees; past, present, and future loss of enjoyment of life; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future lost wages to the fullest extent recoverable; loss of wage earning capacity; costs related to medical or mental health treatment which might occur in the future if OR which Plaintiff might be recommended to have, or which she might have been recommended.  Plaintiff otherwise prays for any medical care, counseling, mental health care,

18

psychiatric or psychological care which might be recommended or which might have been recommended, which might occur, or which might have occurred, in the past, present or future, or for the past, present and future. Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible. Plaintiff prays for a right to a jury trial under the Constitution for each claim. Plaintiff prays for all other compensatory damages, and other damages she may legally recover. Plaintiff also claims all costs, pre-judgment interest, post-judgment interest, costs of this action, expenses of this action, expert witness fees and reasonable attorney's fees and <u>any other damages allowed under actions brought pursuant to all above laws, under which Plaintiff specifically intends to bring this Complaint</u>; and

3. Plaintiff prays for all compensatory damages and other damages available as a result of Defendant's breaches of contract, and as a result of Plaintiff's reasonable, justifiable and detrimental reliance upon Defendant, including but not limited to those losses as more fully referred to above.

4. Plaintiff prays for punitive damages in the maximum amount allowed by law.

5. Such further relief as is deemed just and proper. (Plaintiff claims all categories of damages recoverable in this action including but not limited to all compensatory and punitive damages).

## JURY TRIAL DEMAND

**Plaintiff demands a jury trial on all matters raised by the Complaint**

**as Respectfully Stated Herein pursuant to the U.S. Constitution**

RESPECTFULLY SUBMITTED THIS THE 29th day of October, 2018.

BY THE PLAINTIFF,
LATONIA LIGHTER
THROUGH COUNSEL,
MICHAEL R. BROWN, ESQ.

MICHAEL R. BROWN, ESQ.

Michael R. Brown, Esq., (MSBN: 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, MS 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 423-2017-01444 |
| | | and EEOC |

State or local Agency, if any

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Latonia Lighter** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| **386 Raymond Road Apt 8 H, Jackson, MS 39204** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **OAKLEY TRAINING SCHOOL** | **15 - 100** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **2375 Oakley Road, Raymond, MS 39154** | |

RECEIVED

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| U.S. EEOC/JAO | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-01-2017**  Latest **05-16-2017**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired December 1, 2016 as a Juvenile Care Worker. In early to mid January 2017, I was subjected to sexual harassment by my coworker who is also a Juvenile Care Worker. Currently, I am being harassed and subjected to different terms and conditions of employment.

Although I reported being sexually harassed, harassed and subjected to different terms and conditions of employment, nothing has been done to address my employment issues.

I believe I am being discriminated against because of my sex (female) and in retaliation in violation of Title VII of The Civil Rights Act of 1964 as amended inasmuch as:

I had no problem until I complained of a protected activity (sexual harassment). Since complaining, my work environment has become progressively deplorable. My coworkers who have not complained of discrimination are being treated more favorably.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 05-22-17          *[signature]*  Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT

A



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7016 2140 0000 5581 7043

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

July 31, 2018

Ms. Latonia Lighter
386 Raymond Road
Apt. 8H
Jackson, MS 39204

Re: EEOC Charge Against Mississippi Dept. of Human Services, Oakley Training School
No. 423201701444

Dear Ms. Lighter:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Jackson Area Office, Jackson, MS.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Jackson Area Office, EEOC
Mississippi Dept. of Human Services, Oakley Training School